JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DARREN CLEVENGER and DAVID BLOOM, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELCH FOODS INC., PIM BRANDS, INC., and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: SACV 23-00127-CJC (JDEx)<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [Dkt. 14] |

I.  INTRODUCTION

In this putative class action lawsuit, Plaintiffs Darren Clevenger and David Bloom allege that Defendants Welch Foods Inc., PIM Brands, Inc., and unnamed Does include nonfunctional "slack-fill" in boxes of their Welch's Reduced Sugar Fruit Snacks, Fruit 'n Yogurt Snacks, and certain boxes of Welch's Fruit Snacks in violation of California's

Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210.  (*See* Dkt. 1 [Notice of Removal].)  Now before the Court is Plaintiffs' motion to remand the case.  (Dkt. 14 [Notice of Motion and Motion to Remand Case to Orange County Superior Court, hereinafter "Mot."].)  For the following reasons, Plaintiffs' motion is **GRANTED**.[1]

## II.  BACKGROUND

The instant action is related to a case currently pending before this Court, *Clevenger v. Welch Foods Inc. et al.*, SACV 20-01859-CJC (JDEx), which alleges substantially similar claims.  In that case, Plaintiffs filed a complaint in state court alleging claims under the UCL and the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750–1784.  Plaintiffs sought restitution and an injunction under the UCL, and restitution and money damages under the CLRA.  Defendants removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), (5).  In December 2022, the Court granted Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' UCL claim.  Pursuant to *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), the Court lacked equitable jurisdiction over Plaintiffs' UCL claim for restitution because Plaintiffs had an adequate remedy at law in the form of money damages under the CLRA.  And because the Ninth Circuit stated in *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022), that dismissal under *Sonner* should be without prejudice to the claims being brought in state court, the Court dismissed Plaintiffs' UCL claim "without leave to amend but without prejudice to Plaintiffs bringing the claims in state court." *Clevenger*, No. SACV 20-01859-CJC, at 13 (C.D. Cal. Dec. 13, 2022).

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for March 13, 2023, at 1:30 p.m. is hereby vacated and off calendar.

In response to the Court's order, Plaintiffs filed the instant action in the Orange County Superior Court, seeking restitution and injunctive relief under the UCL.  (*See* Dkt. 1 [Notice of Removal].)  Defendants again removed the case to this Court under CAFA.  (*See id.*)  Shortly after removal, Defendants filed a motion to dismiss (which remains pending), and Plaintiffs filed the instant motion to remand.

### III.   LEGAL STANDARD

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court.  *See* 28 U.S.C. § 1441(a).  The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Under CAFA, however, a district court has diversity jurisdiction over any class action involving at least 100 class members in which there is minimal diversity—that is, any one plaintiff is a citizen of a different state than any one defendant—and the amount in controversy exceeds five million dollars.  *See* 28 U.S.C. §§ 1332(d)(2), (5).  There is no anti-removal presumption in cases removed pursuant to CAFA, *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), but the proponent of removal still has the burden of establishing that the action is removable.  *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (holding that "CAFA did not shift to the plaintiff the burden of establishing that there is no removal jurisdiction in federal court").

//
//
//

## IV. DISCUSSION

Plaintiffs move to remand the case based on (1) a lack of subject matter jurisdiction and (2) the Court's prior dismissal of their UCL claim for lack of equitable jurisdiction. (*See* Mot. at 8–15.) They also seek an award of attorneys' fees if the Court remands under Section 1447(c). (*See id.* at 16–18.) Defendants argue that there is no basis for remand under Section 1447(c) and that the Court should not remand on abstention grounds because doing so "would create a massive judicial exception to CAFA." (*See* Dkt. 17 [Opposition to Plaintiffs' Motion to Remand, hereinafter "Opp."] at 15, 19–23.)

### A. Subject Matter Jurisdiction

Plaintiffs assert that the Court lacks subject matter jurisdiction because CAFA's five-million-dollar amount in controversy requirement is not met. "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007).

While the Complaint does not allege a specific amount in controversy, Plaintiffs do not appear to dispute that they seek damages in excess of five million dollars. Instead,

they argue that the amount in controversy requirement is not met because the Court's prior dismissal of the UCL claim means the current UCL claims are "nonjusticiable" in federal court. (Mot. at 15.) Plaintiffs assert that because the Court cannot award recovery on the UCL claims due to a lack of equitable jurisdiction, "the amount Plaintiffs can recover in federal court for those claims is zero." (*Id.*) But whether or not Plaintiffs' claims are ultimately found to be justiciable in federal court does not affect the amount that is placed in controversy by the Complaint. Plaintiffs' Complaint facially places more than five million dollars in controversy, and any extraneous factors or defenses that could ultimately hamper this Court's ability to grant the requested relief are not relevant to determining the amount in controversy. *See Campbell*, 471 F. App'x at 648.

Because there are at least 100 putative class members, minimal diversity, and the amount in controversy exceeds five million dollars, this Court has subject matter jurisdiction under CAFA. *See* 28 U.S.C. §§ 1332(d)(2), (5).

**B.   28 U.S.C. § 1447(c)**

Defendants argue that because the Court has subject matter jurisdiction and there has not been a defect in removal, remand is inappropriate under Section 1447(c). (*See* Opp. at 15.) Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Because the Court has subject matter jurisdiction, the only basis for remand under Section 1447(c) would be a defect in removal, and, as the Ninth Circuit has held, "[i]t is relatively clear from context that 'defect' refers to a failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441–1453." *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009). Defendants here complied with the statutory requirements of removal. Therefore, remand under Section 1447(c) is inappropriate.

But that does not mean the Court is without power to remand the case. Under Ninth Circuit precedent, the significance of Section 1447(c) is simply that if remand is based "on a ground enumerated in § 1447(c), [the Ninth Circuit] would lack jurisdiction to review whether the district court's application of that ground was correct." *Atl. Nat. Tr. LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 935 (9th Cir. 2010). However, there are circumstances under which remand is appropriate, despite the presence of subject matter jurisdiction and lack of any removal defect. *See Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 880 (N.D. Cal. 2021); *see also Kamm*, 568 F.3d at 756 (explaining that while a forum selection clause "does not render removal 'defective'" under 1447(c), it is a valid ground for remand "similar to other grounds for not exercising jurisdiction over a case, such as abstention in favor of state court jurisdiction . . . and related abstention cases, or a refusal to exercise supplemental jurisdiction").

### C.  Lack of Equitable Jurisdiction

Separate and apart from the question of subject matter jurisdiction, a court must also determine whether it has equitable jurisdiction over a claim. *See Schlesinger v. Councilman*, 420 U.S. 738, 753–54 (1975) (explaining that in addition to its "holding that the District Court had subject-matter jurisdiction, assuming the requisite jurisdictional amount," "[t]here remains the question of equitable jurisdiction"); *see also Guzman*, 49 F.4th at 1314 ("Equitable jurisdiction is distinct from subject matter jurisdiction, although both are required for a federal court to hear the merits of an equitable claim."). While subject matter jurisdiction deals with "whether the claim falls within the limited jurisdiction conferred on the federal courts" by Congress, equitable jurisdiction refers to a court's power to entertain claims and award remedies that are equitable in nature. *See id.* at 754 (explaining that equitable jurisdiction is concerned with "whether consistently with the principles governing equitable relief the court may exercise its remedial

powers"); *see also Yuba Consol. Gold Fields v. Kilkeary*, 206 F.2d 884, 887 (9th Cir. 1953) ("Reference to 'equity jurisdiction' does not relate to the power of the court to hear and determine a controversy but relates to whether it ought to assume the jurisdiction and decide the cause.").

The purposes of CAFA, concerns of federalism, and the interests of justice would best be served by remanding this case due to a lack of equitable jurisdiction. While generally "[f]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress," they also "have the power to dismiss or remand cases based on abstention principles . . . where the relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). "Federal courts abstain out of deference to the paramount interests of another sovereign, and the concern is with principles of comity and federalism." *Id.* at 723. A court deciding whether to exercise federal jurisdiction has a "duty" to take the role and authority of the States into account and to consider "obligations of comity, and respect for the appropriate balance between state and federal interests." *Id.*

While the particular procedural posture before the Court has not been addressed post-*Guzman*, under binding Supreme Court precedent, when a removed suit seeks relief that is "beyond the equitable jurisdiction of the federal court" but "may be granted by the state court," "the suit is remanded to the state court." *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 690 (1927), *cited with approval in Guthrie*, 561 F. Supp. 3d at 878–79; *see also Cates v. Allen*, 149 U.S. 451, 460–61 (1893) (explaining that although the court had subject matter jurisdiction based on diversity, "the nature of the controversy was such that the suit was not properly cognizable in the circuit court" and therefore the lower "court was not compelled to dismiss the case, but might have remanded it"), *cited with approval in Guthrie*, 561 F. Supp. 3d at 878–79. This clearly counsels in favor of remanding the case. Further, the idea that the Ninth Circuit intended for *Guzman* to leave

courts "stuck in a perpetual loop of (1) plaintiff's re-filing in state court, followed by (2) removal by defendants and then (3) dismissal by this Court" is supported by "[n]either law nor logic." *Guthrie*, 561 F. Supp. 3d at 880 (citing *Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954, 960 (N.D. Cal. 2015)).

To distinguish the Ninth Circuit's holding in *Guzman*, Defendants argue that

> [t]he Ninth Circuit's statement regarding the dismissal of equitable claims needing to be made "without prejudice" so that they could be adjudicated in state court appears to be directed towards avoiding a potential situation where the defendant could rely on the federal court dismissal of the equitable claims as res judicata in a subsequent state court action even though the dismissal was merely jurisdictional. . . . [T]he scenario discussed in *Guzman* appears to presuppose a situation where subject matter jurisdiction in federal court would no longer be appropriate, such as where the plaintiff's claims no longer meet CAFA's requirements.

(Opp. at 18.)  In other words, according to Defendants, the unspoken concern in *Guzman* was one of res judicata, and the unspoken presumption was that the plaintiff could bring his equitable claims in state court only if the claims were altered to ensure that they no longer met CAFA's jurisdictional requirements.  (*See id.* at 22.)  Where in the text of the opinion Defendants glean these specific presumptions—which conveniently support their argument—is unclear.

Moreover, *Guzman* stated that "[t]he possibility that federal and state courts would reach different results on *the same claim* is itself a consequence of *Sonner*'s rule" regarding a federal court's exercise of equitable jurisdiction.  *Guzman*, 49 at 1315 (emphasis added). The court went on to state that "where federal law bars us from considering the merits of state-law claims, we also lack authority to prevent state courts from doing so." *Id.*  Put simply, the *Guzman* court recognized that under *Sonner* "the same claim" might have to be adjudicated in state and federal court—i.e., one claim over

which the federal court has subject matter jurisdiction but not equitable jurisdiction, and one claim over which the federal court has subject matter jurisdiction and equitable jurisdiction. Thus, beyond simply being void of support for Defendants' position that a claim brought in state court would need to be modified so as to deprive the federal court of subject matter jurisdiction, *Guzman* all but explicitly states the opposite.[2]

Defendants engage in a significant amount of handwringing over the idea that remand would create "an end run around CAFA." (Opp. at 20.) None of their arguments in this regard are persuasive. First, Defendants are incorrect that remanding Plaintiffs' claim would "preclude all future defendants in California class actions brought under the UCL meeting CAFA's jurisdictional requirements from being able to remove those claims to federal court," (*id.* at 21), because when a plaintiff lacks an adequate remedy at law, the federal court would have equitable jurisdiction over the claims. But even if Defendants were correct, the alternative is that all future plaintiffs in California class actions brought under the UCL meeting CAFA's jurisdictional requirements who have an adequate remedy at law would be precluded from ever having those claims heard by a court of competent jurisdiction. As between the two scenarios, it is hard to believe that permanently extinguishing what might otherwise be a valid claim is the preferable course of action. Second, while Defendants argue that granting remand would "create a massive exception to CAFA," (*id.*), nothing in CAFA "has to do with equitable jurisdiction," and "Congress did not purport to alter traditional equitable rules" through its enactment. *Guthrie*, 561 F. Supp. 3d at 879.[3]

---

[2] As Plaintiffs point out, the Ninth Circuit considered this scenario during oral argument on *Guzman*. (Dkt. 18 [Reply in Support of Notice of Motion and Motion to Remand Case, hereinafter "Reply"] at 4–5.) The panel expressed deep skepticism regarding defense counsel's assertion that CAFA could be used to remove an otherwise viable state court claim to federal court and, as Judge Friedland put it, "kill those claims, permanently." (*Id.* [citing Paul Guzman v. Polaris Industries, Inc., U.S. Ct. of Appeals for the Ninth Cir., at 30:40–31:50, https://www.ca9.uscourts.gov/media/video/?20220509/21-55520/ (last visited Mar. 6, 2023)]; *see also id.* ["[T]here has to be some way, if there is a claim that can only be litigated in state court, that CAFA doesn't mean it's gone."].)

[3] Defendants argue that *Guthrie* is "distinguishable because Plaintiffs are still pursuing their CLRA damages claims," whereas there the plaintiff "did not possess a pending CLRA claim for damages based

In sum, the Court will not adopt a formalistic approach that loses sight of the intent of CAFA, the equities involved, or the principles of federalism, in favor of rewarding forum shopping and jurisdictional gamesmanship. CAFA was enacted to curb perceived abuses from the litigation of large multi-state class actions in state courts, because such cases often have significant interstate commerce and national policy implications and thus are more properly litigated in federal court. *See* S. Rep. No. 109-14, at 74 (2005). It was not intended to encourage gamesmanship or to extinguish claims which could properly be litigated only in state court. Remand is also consistent with the commonsense notion that a defendant should not be able to avail itself of federal jurisdiction only to turn around and argue that jurisdiction does not exist in order to have the case dismissed. Defendants removed the Complaint knowing full-well that this Court lacked jurisdiction to adjudicate the claims that Plaintiffs asserted. Far from "undermin[ing] Congress's intent behind CAFA," (Opp. at 22), this attempt to circumvent state-court judicial powers and prevent Plaintiffs' UCL claim from ever being heard is a clear misuse of CAFA.[4]

---

on the same underlying conduct underpinning his UCL claim" and therefore "had no avenue to redress the underlying alleged harm if the claims were not remanded." (Opp. at 20.) Defendants do not explain the relevance of this distinction, and the Court does not find it to be persuasive support for Defendants' argument that remand is improper.

[4] Defendants cite numerous cases in support of their assertion that remand is inappropriate when the district court lacks equitable jurisdiction, (*see* Opp. at 13–15), but none of those cases dealt with a procedural posture resembling the one currently before the Court—i.e., a motion to remand an equitable claim removed under CAFA that was previously dismissed without prejudice to refiling it in state court due to a lack of equitable jurisdiction. Instead, they dealt with motions to remand only an equitable claim while retaining non-equitable claims. *See Kim v. Walmart, Inc.*, 2023 WL 196919, at *5–6 (C.D. Cal. Jan. 13, 2023); *Hooks v. Dignity Health*, 2022 WL 17968833, at *8–9 (C.D. Cal. Dec. 27, 2022); *Treinish v. iFit Inc.*, 2022 WL 5027083, at *8–12 (C.D. Cal. Oct. 3, 2022). "[P]iecemeal remand in diversity cases is inappropriate," *Utne v. Home Depot U.S.A., Inc.*, 2022 WL 1443339, at *3 (N.D. Cal. May 6, 2022), and thus the courts in those cases declined to remand only the claims for equitable relief. *See Kim*, 2023 WL 196919, at *3 ("Lack of equitable jurisdiction over some claims cannot serve as a basis for remanding a case in its entirety."); *Travonne Hooks*, 2022 WL 17968833, at *3 (denying remand but dismissing claims for equitable relief without prejudice pursuant to *Guzman*); *Treinish*, 2022 WL 5027083, at *4 (denying motion to remand brought solely under 1447(c) but stating that the parties "might be wise to stipulate to a remand and avoid briefing [a] motion to dismiss the UCL claim"). All

V.   **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to remand is **GRANTED**.[5]  The case is hereby **REMANDED** to the Orange County Superior Court.

DATED:   March 7, 2023

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

of those cases dealt with situations similar to the one previously confronted by this Court in the related case, when it dismissed—rather than remanded—Plaintiffs' UCL claim without prejudice while retaining jurisdiction over the CLRA claim.

[5] Plaintiffs seek an award of attorneys' fees if the Court remands under Section 1447(c).  (*See* Mot. at 16–18.)  Because the Court is remanding on other grounds, there is no basis for an award of fees.  Accordingly, Plaintiffs' request is **DENIED**.